UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA CHAVEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-1898-B** |
| | § | |
| **FIESTA MART LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fiesta Mart LLC's Motion for Summary Judgment (Doc. 19). For the following reasons, the Court **GRANTS** the Motion.

### I.

### BACKGROUND

This is a slip-and-fall case. Plaintiff Maria Chavez contends that she was injured after slipping on spilled yogurt in a Fiesta Mart grocery store checkout lane. At this summary judgment stage, the sole question for the Court is whether Chavez has raised sufficient evidence to create a fact issue that Fiesta Mart knew or should have known about the spill.

Video evidence taken from a bird's-eye view of the checkout lane shows that the yogurt spill materialized sometime after two adult shoppers entered the lane with a small child in their cart. Before the shoppers approached the checkout lane, there was no visible yogurt spill from the perspective of the camera recording from directly above. *See* Doc. 19-2, Mot. Br. Ex. B., at 0:00-9:16.

Once the shoppers' cart progressed in the checkout line, the yogurt first became visible on the floor.[1] *See id.* at 11:50. The spill, no more than three-inches in diameter and light in color, was inconspicuous against the light-gray grocery store floor. *See id.*

Just over one minute later, Chavez approached the checkout area. *See id.* at 12:57. As she stepped into the lane, Chavez slipped on the yogurt and fell to the ground—only one minute and nine seconds after the spill first materialized on the video. *See id.* at 12:59.

In that short window of time when the spill was visible from above, the nearest Fiesta Mart employee (based on available evidence) was a cashier behind the adjacent checkout counter. *See id.* at 11:50-12:59. But she was helping other customers at the time. *See id.* At no point, while the yogurt would have been visible to her, did the cashier move from her station and observe the checkout lane. *See id.* And the cashier's view of the yogurt spill appears to have been at least partially encumbered by the checkout counter. *See id.*

Chavez sued in Texas state court for injuries sustained in the fall. *See generally* Doc. 1-2, Pet. She contends that Fiesta Mart failed, as the premises owner, in its duty to either clean up the yogurt or warn her of it. *See id.* ¶¶ 6-8. After discovery revealed that the amount in controversy exceeded $75,000, Fiesta Mart removed the action to this court. *See* Doc. 1, Notice Removal, 1-2. Now, Fiesta Mart brings its Motion for Summary Judgment, contending that Chavez lacks evidentiary support for her claim. *See* Doc. 19, Mot., 1.

The Court considers the Motion below.

---

[1] While in the checkout lane, one of the shoppers appears to pick up an open yogurt container from the bottom of the cart and look down at the floor. *See* Doc. 19-2, Mot. Br. Ex. B., at 9:48-52. But the spill is not visible until one minute later when the shoppers moved their cart forward.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). On a motion for summary judgment, the movant has the burden to prove that no genuine dispute exists as to a material fact. *Provident Life & Accident Ins. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine dispute exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002).

When the nonmovant would bear the burden of proof on an issue at trial, the movant can secure summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. For such a "no-evidence" motion, the movant does not have to raise evidence to "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis and citation omitted). It need only assert an "absence of facts supporting the elements of the plaintiff['s] theory of recovery." *Id.* (citation omitted). The non-moving party with the burden of proof at trial must then "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). The non-moving party's proffered evidence "must be

sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *Id.* (citations omitted).

Finally, the evidence that any party proffers in favor or against summary judgment "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citation omitted).

## III.

## ANALYSIS

Chavez's sole outstanding claim for relief is one for premises liability.[2] Fiesta Mart contends that Chavez cannot meet her burden at trial because premises liability requires notice, and the video establishes unrebutted evidence that Fiesta Mart did not have actual or constructive notice of the yogurt spill at the time of the accident. *See* Doc. 20, Mot. Br., 6-9. The Court agrees. Chavez cannot raise a genuine dispute as to the material facts necessary for the notice element of her claim, and Fiesta Mart is entitled to summary judgment as a matter of law.

Premises liability claims are based on an owner's duty to protect its guests from harm while those guests are on the owner's property. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). If an owner fails to "exercise reasonable care to protect [the guest] from dangerous conditions," it may be held liable in tort for resulting injuries. *See id.* (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). But an owner does not, by inviting someone onto its property, become that guest's unconditional "insurer." *See id.* (citation omitted). Instead, an owner

---

[2] Chavez initially pleaded this action under two alternative theories: premises liability and negligence. *See* Doc. 1-2, Pet. ¶¶ 9-11. But when an injury results from "a condition of the premises," rather than from a defendant's "negligently conducted activity," an injured party can only recover under a premises liability claim. *See H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992). Recognizing this, Chavez concedes that her claim is properly evaluated only as one for premises liability. *See* Doc. 21, Resp. ¶ 6.

can only be liable for its property's dangerous conditions that it knew or should have known existed—hence, the "notice" requirement. *See id.*[3]

If the plaintiff does not have evidence that the owner knew about or created the dangerous condition, a plaintiff can still satisfy the notice requirement with a showing of "constructive notice." *See id.* (citations omitted). Constructive notice is satisfied if it is "more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* (citing *Gonzalez*, 968 S.W.2d at 936). This is a moderately high bar. It is not enough to show only the "*possibility* that the dangerous condition existed long enough" for discovery. *Gonzalez*, 968 S.W.2d at 936. And if the evidence raises two "equally plausible but opposite inferences" as to notice, it is at best "speculative and thus legally insufficient to support a finding" for the plaintiff. *Id.*

Because constructive notice centers on how long a dangerous condition has existed, a plaintiff cannot show constructive notice of a condition without at least some temporal evidence. *See Reece*, 81 S.W.3d at 816. But "[w]hat constitutes a reasonable time for a premises owner to discover a dangerous condition will . . . vary depending upon the facts and circumstances presented." *Id.* This requires courts to balance temporal evidence against other factors. For instance, evidence that the dangerous condition was conspicuous, and that a store employee was nearby, "might shorten the time in which a jury could find that the premises owner should reasonably have discovered" that condition. *Id.* But on the other hand, "if an employee was in close proximity to a less conspicuous

[3] A plaintiff asserting a premises liability claim must also show (1) that the condition "posed an unreasonable risk of harm," (2) that the owner "did not exercise reasonable care to reduce or eliminate that risk," and (3) that the owner's "failure to use such care proximately caused the plaintiff's injuries." *See Gonzalez*, 968 S.W.2d at 936 (other citation omitted) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Those elements are not challenged here.

hazard," even for a significant period of time, "that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

Applying that balancing analysis, Texas courts tend to find that where a dangerous condition was only present a short time before the injury, there is insufficient evidence of constructive notice to raise a fact issue. In *Wal-Mart Stores, Inc. v. Spates*, a Wal-Mart customer sustained injuries after tangling her foot in an empty plastic six-pack ring in the beverage aisle. 186 S.W.3d 566, 567 (Tex. 2006). The hazard was "directly behind" and within "3-5 feet" of a Wal-Mart employee at the time, *see id.*, but the evidence suggested that it had only been on the floor for 30 to 45 seconds, *id.* at 568. For a jury to find constructive notice on those facts, the Supreme Court of Texas explained, jurors would have to find that "the employee should have noticed the plastic ring behind her" in that short timeframe. *Id.* Had there instead been evidence that "it had been on the floor for an extended period of time, reasonable jurors might assume that the employee should have seen it." *Id.* But there was no such evidence, so such a conclusion would be "pure speculation." *Id.* Accordingly, the court found that there was insufficient evidence to raise a fact issue on constructive notice and affirmed the trial court's summary judgment. *See id.* Similarly, in *Brookshire Food Stores, LLC v. Allen*, the Court of Appeals of Texas found evidence of constructive notice "legally insufficient" where spilled grapes had been on the ground for no longer than fifteen minutes before the plaintiff slipped on them. 93 S.W.3d 897, 899-901 (Tex. App.—Texarkana 2002, no pet.). Given those timing constraints, the fact that nearby cashiers could have seen the grapes before the fall (but were facing away from the spill to serve other customers) made little difference. *See id.* at 899, 901.

Federal courts applying Texas law have reached similar conclusions. The Fifth Circuit found evidence of constructive notice insufficient to survive summary judgment where a "fairly large"

puddle on the floor of a Chick-Fil-A bathroom had existed for "a few minutes." *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 518 (5th Cir. 2015). That a Chick-Fil-A employee had actually seen the spill moments earlier, and was still in the bathroom at the time of the injury washing her hands, did not overcome that deficiency. *See id.* Elsewhere, the Fifth Circuit found insufficient evidence of constructive notice where the hazard—a flipped-up floor mat—had been in its dangerous condition less than ninety seconds. *See Townson v. Wal-Mart Stores, Inc.*, 760 F. App'x 345, 347 (5th Cir. 2019). And a court in this district found evidence of constructive notice insufficient to survive summary judgment where a puddle of clear water had been on the floor of a supermarket for less than five minutes. *See Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) (Lynn, J.).

Chavez was injured when she slipped on spilled yogurt in a Fiesta Mart check-out line. Video evidence shows that the yogurt was only visible from above (and capable of discovery) for one minute and nine seconds. A Fiesta Mart cashier was nearby at the time, but she was behind the checkout counter helping other customers. Even if the cashier's view of the checkout lane was unencumbered, the spill was both small and of similar coloring to the grocery store floor.

On the facts presented, a reasonable juror could not find it "more likely than not" that Fiesta Mart had a "reasonable opportunity" to discover the spill. *See Gonzalez*, 968 S.W.2d at 936. Like the employee in *Spates*, there is no evidence to suggest that the cashier should have, within one minute and nine seconds, discovered the small, inconspicuous spill. *See* 186 S.W.3d at 568 (finding 30 to 45 seconds insufficient time to reasonably conclude that an employee should have noticed a hazard directly behind her). Instead, the evidence suggests that, in that short timeframe, the cashier had limited visibility of the spill area and was preoccupied with other customers. The Court could speculate: maybe, had the cashier ignored the other customers, leaned over the counter, and

observed the check-out area within that narrow timeframe, she could then have discovered the spill. But such pure speculation is inappropriate, and evidence of possibility is not automatically evidence of probability. *See Gonzalez*, 968 S.W.2d at 936 (explaining that even evidence supporting two "equally plausible but opposite inferences" is at best "speculative and thus legally insufficient").

Because Chavez does not raise a genuine dispute of material fact that Fiesta Mart had constructive notice of the yogurt spill, she cannot meet her evidentiary burden at trial. Accordingly, Fiesta Mart is entitled to summary judgment as a matter of law.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Fiesta Mart's Motion for Summary Judgment (Doc. 19). Chavez will take nothing on her claim asserted against Fiesta Mart.

A final judgment will follow.

**SO ORDERED.**

**SIGNED: August 5, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE